# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY RONNINGEN CHURCH, et al., <br><br> Plaintiff, <br><br> v. <br><br> SCOTT KERNAN, et al., <br><br> Defendants. | Case No.: 1:19-cv-0915 DAD JLT <br><br> ORDER TO PLAINTIFF D.C. TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO PROSECUTE |

Plaintiffs contend the defendants are liable for violations of their civil rights and those of Daniel Church, who died while in custody. (Doc. 1) D.C., the son of decedent, seeks to bring his claims through Cheyenne Dakota Morales, his legal guardian. (*See id.* at 2) On September 19, 2019, the Court noted a guardian ad litem is necessary in this action, because the claims of D.C. "may only be brought 'by a next friend or guardian ad litem.'" (Doc. 3 at 1, citing Fed. R. Civ. P. 17(c)(2)) However, no petition for appointment of a guardian ad litem was filed. Therefore, the Court ordered Plaintiff to file a motion for the appointment of a guardian ad litem no later than October 18, 2019. (*Id.* at 2, emphasis omitted). To date, Plaintiff has not filed a petition or taken any other action to respond to the Court's order or prosecute the case.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have

1

inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff D.C. is **ORDERED** to show cause **within fourteen days** why the action should not be dismissed without prejudice as to his claims for the failure comply with the Court's order and failure to prosecute, or to file a petition for the appointment of a guardian ad litem.

IT IS SO ORDERED.

Dated: **October 22, 2019**            **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE