# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY RONNINGEN CHURCH, et al., | Case No.: 1:19-cv-0915- DAD JLT |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITHOUT PREJUDICE |
| v. | |
| SCOTT KERNAN, et al., | |
| Defendants. | |

Plaintiffs contend the defendants are liable for violations of their civil rights and those of Daniel Church, who died while in custody at Wasco State Prison. (Doc. 1) However, as discussed below, the plaintiffs have failed to comply with the Local Rules and the Court's orders and failed to prosecute this action. Therefore, the Court recommends the matter be **DISMISSED** without prejudice.

**I.     Background**

Judy Church, the mother of the decedent, and D.C., the minor child of the decedent, initiated this action by filing a complaint on July 3, 2019. (Doc. 1) The Court issued new civil case documents to the plaintiffs on July 9, 2019, including an order setting a mandatory scheduling conference and directing Plaintiffs to diligently pursue service of the summons and complaint. (Doc. 2) On July 26, 2019, the mail to Ms. Church was returned as undeliverable.

On September 17, 2019, the Court observed that Plaintiff D.C. had not filed a motion for appointment of a guardian ad litem, though the complaint indicated he was seeking to bring his claims

1

through Cheyenne Dakota Morales, his legal guardian. (Doc. 3) The Court informed Plaintiffs that pursuant to Local Rule 202:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

(Doc. 3 at 1, quoting Local Rule 202) Because the claims of a minor such as D.C. could only be brought "by a next friend or a guardian ad litem," the Court ordered Plaintiffs to file a motion for the appointment of a guardian ad litem for D.C. no later than October 18, 2019. (*Id.* at 1-2) Again, this order was returned as undeliverable from the address of record for Ms. Church on October 1, 2019. However, it appears service was completed at the address of record for D.C., as no mail was returned by the United States Postal Service. Nevertheless, no motion for the appointment of a guardian ad litem was filed.

On October 22, 2019, the Court ordered Plaintiff D.C. to show cause in why the action should not be dismissed for failure to comply with the Court's order and failure to prosecute the case by seeking the appointment of a guardian ad litem. (Doc. 4) In the alternative, D.C. was directed file a petition for the appointment of a guardian ad litem within fourteen days. (*Id.*) The Court served both D.C. and Ms. Church with the order. The order to Ms. Church was returned as undeliverable on November 4, 2019. To date, D.C. has not filed a motion for appointment of a guardian ad litem, and no other action has been taken to prosecute the claims of D.C.

**II.     Service by Mail and the Local Rules**

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of a current address: "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." LR 183(b). Because more than 63 days have passed since the Court's civil case documents and standing orders were returned as undeliverable, Ms. Church has failed to comply with the Local Rules.

### III. Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action for a party's failure to prosecute an action or failure to obey a court order. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

### IV. Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute, failure to comply with the Local Rules, or failure to obey a court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831.

#### A. Public interest and the Court's docket

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance based upon the failure of Ms. Church to provide a proper mailing address to the Court and the failure to seek appointment of a guardian ad litem to continue the prosecution of D.C.'s claims and failure to comply with the Court's orders. Through their failure to comply with the Local Rules and the Court's orders, Plaintiffs have failed to take action to continue

prosecution of this case in a timely manner. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh in favor of dismissal of the action.

### B. Prejudice to Defendants

To determine whether the defendants suffer prejudice, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudiced arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Plaintiffs have not taken any action to further the prosecution of the action, despite being ordered by the Court to seek appointment of a guardian ad litem. Therefore, this factor weighs in favor of dismissal.

### C. Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, a court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

The Court warned Plaintiffs that "[a] court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules." (Doc. 4 at 2, citing *Ferdik*, 963 F.2d at 1260-61; *Malone*, 833 F.2d at 130; *Henderson*, 779 F.2d at 1424) Importantly, the Court need only warn a party once that the matter could be dismissed for failure to comply to satisfy the requirements of Rule 41. *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative sanction). Accordingly, the warnings to Plaintiffs satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of dismissal of the action. *See Ferdik*, 963

F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6. Moreover, no lesser sanction is feasible for the actions of Ms. Church given the Court's inability to communicate with her.

### D. Public policy

Given Plaintiffs' failure to prosecute the action and failure to comply with the Court's orders to seek appointment of a guardian ad litem, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the other four factors").

## V. Findings and Recommendations

Plaintiffs have failed to follow the requirements of the Local Rules and failed to prosecute this action through not communicating with the Court and complying with its Orders dated September 17, 2019 (Doc. 3) and October 22, 2019 (Doc. 4). As set forth above, the factors set forth by the Ninth Circuit weigh in favor of dismissal of the matter. Accordingly, the Court **RECOMMENDS**:

1. This action be **DISMISSED** without prejudice; and
2. The Clerk of Court be directed to close this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **November 18, 2019**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE